## ELMER HOYLE v. STATE.

No. A-3908.   Opinion Filed Sept. 11, 1922.
(208 Pac. 1054.)

Appeal from County Court, Johnston County; C. M. Crowell, Judge.

Elmer Hoyle was convicted of selling intoxicating liquor, and he appeals. Appeal dismissed, and cause remanded, with directions to enforce judgment.

Ratliff & Ratliff, for plaintiff in error.

The Attorney General and N. W. Gore, Asst. Atty. Gen., for the State.

PER CURIAM. This is an attempted appeal from a judgment of conviction rendered against the defendant, Elmer Hoyle, in the county court of Johnston county on the 11th day of September, 1920, for selling intoxicating liquor; the punishment being assessed at a fine of $100 and imprisonment in the county jail for a period of 30 days.

The Attorney General has filed a motion to dismiss the appeal, because the same was not filed within the time allowed by law. The judgment was rendered on the 11th day of September, 1920, and the appeal was not lodged in this court until the 10th day of January, 1921, more than 120 days after the rendition of the judgment. Section 5991, Revised Laws 1910, in part provides as follows:

"In misdemeanor cases the appeal must be taken within sixty days after the judgment is rendered: Provided, however, that the trial court or judge may, for good cause shown, extend the time in which such appeal may be taken not exceeding sixty days."

This being an attempted appeal from a judgment rendered in a misdemeanor case, and the same not having been lodged in this court within the maximum time allowed by the forego-

ing statute, where proper extension of time is made by 'the trial court or judge, this court has never acquired jurisdiction to consider the appeal on its merits, and for that reason the motion of the Attorney General to dismiss the appeal is well taken, and must be sustained.

The appeal is accordingly dismissed, and the cause remanded to the trial court, with directions to enforce the judgment.